UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21733-CIV-SEITZ/SIMONTON

UNITED STATES ex rel.
JORGE TORRES,

        Plaintiff,

v.

KAPLAN HIGHER EDUCATION
CORPORATION,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Third Amended Complaint [DE-53]. This action is brought as a qui tam action pursuant to the False Claims Act.[1] Relator's complaint alleges that Defendant filed false claims for payment under Title IV of the Higher Education Act (HEA) because Defendant was not eligible to file the claims based on its failure to comply with a requirement of eligibility. Defendant moves to dismiss Relator's Third Amended Complaint based on the first-to-file rule and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Because Relator's have failed to adequately plead a cause of action based on Defendant's conditioning Directors of Admissions' continued employment on the

---

[1] This is one of three qui tam actions against Kaplan Higher Education Corp. that are before this Court pursuant to an order of the Judicial Panel on Multidistrict Litigation. Initially, all three cases alleged, among other things, that Kaplan Higher Education Corp. violated the Higher Education Act's (HEA) incentive compensation ban. Chronologically, this is the third filed of the three actions. The first filed action, *Gatsiopoulos*, alleges violations of the False Claims Act based on alleged violations of the HEA's incentive compensation ban and the HEA's 70 Percent Rules. The second filed action, *Diaz*, alleges violations of the False Claims Act based on the Defendants' failure to comply with section 504 of the Rehabilitation Act. A fourth case, a potential tag-along case, was filed in the District of Nevada. The Judicial Panel on Multidistrict Litigation denied the transfer of the Nevada case to this MDL after determining that the central issues in the Nevada case did not involve violations of the HEA's incentive compensation ban.

number of students recruited and Relator's remaining claims are barred by the first-to-file rule, Defendant's Motion is granted.

**I. Facts**

*A. Allegations in the Third Amended Complaint*

Relator Jorge Torres was employed by Defendant as the Director of Admissions for Kaplan College, the Milwaukee Campus of Defendant, from August 1, 2005 through June 15, 2007. In his position, Relator was responsible for recruiting students to the school. Defendant, Kaplan Higher Education, Inc. (KHEC), is a Delaware corporation that operates for-profit post-secondary educational institutions in 70 plus locations throughout the United States, including the college where Relator worked. A majority of students at KHEC schools receive Pell and Federal Supplemental Educational Opportunity grants from the United States, which the HEA distributes directly to KHEC. Relator Torres filed his complaint on October 4, 2007.

Torres alleges that KHEC is not eligible to receive federal student financial aid because it is not an eligible institution under the HEA. In order to become an eligible institution, KHEC executed a Program Participation Agreement (PPA), which is a prerequisite to participation in any Title IV, HEA program. Included in the PPA is a certification that KHEC would not provide "any commission, bonus or other incentive payment based directly or indirectly upon success in securing enrollments or financial aid to any persons or entities engaged in any student or admission activities or in making decisions regarding the awarding of student financial aid."

Torres alleges that KHEC is and has been, since at least January 2002, in continual violation of this certification in three ways: (1) by providing bonus incentive compensation to its student recruiters, including free trips, *see* DE-46, ¶¶25-34; (2) by conditioning the continued

2

employment of Directors of Admissions on the number of students recruited, *see id.* at ¶¶36-41; and (3) by awarding bonuses based upon how much financial aid Directors of Admissions sell to students, *see id.* at ¶41. As a result of these violations, KHEC is not actually an eligible institution for receipt of HEA funds. Thus, KHEC's claims seeking entitlement to federal grants and education loans, all of which require KHEC be an eligible institution, are false. As a result, KHEC also causes students to make false claims to the Government because students are only eligible to receive such federal funds if they attend an eligible institution. KHEC's false certification also allows private lenders to receive payments from guaranty agencies and has caused lenders to present false claims directly to the Department of Education for interest subsidies and special allowance payments.

Based on these allegations, Torres filed a six count complaint. Counts I alleges a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)[2] because KHEC caused students to present false claims to the DOE for Pell grants and for Federal Supplemental Educational Opportunity (FSEO) grants. Count II alleges a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1), because KHEC knowingly caused Federal Family Educational Loan Program (FFELP) lenders to present false claims to the Government for interest subsidies and special allowance payments. Count III alleges a violation of the False Claims Act, 31 U.S.C. § 3729(a)(2),[3] because KHEC knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government

---

[2]Section 3729(a) was rewritten by Public Law 111-21, § 4(a)(1). As a result, the acts prohibited by old § 3729(a)(1) are now prohibited by current § 3729(a)(1)(A).

[3]Section 3729(a) was rewritten by Public Law 111-21, § 4(a)(1). As a result, the acts prohibited by old § 3729(a)(2) are now prohibited by current § 3729(a)(1)(B).

for Pell grants and FSEO grants. Count IV alleges a violation of the False Claims Act, 31 U.S.C. § 3729(a)(2), because KHEC knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government for special allowance payments and interest subsidies on PLUS and Stafford loans made to KHEC students by FFELP lenders. Count V alleges violations of the False Claims Act, 31 U.S.C. § 3729(a)(2), because KHEC is making, using, and causing to be made or used, false records and statements by FFELP lenders to get false or fraudulent borrower default claims for Government funds paid or approved by guaranty agencies. Count VI alleges a violation of the False Claims Act, 31 U.S.C. § 3729(a)(7),[4] because KHEC used and caused it and FFELP lenders to use false certifications and other statements to avoid obligation to repay funds to the DOE.

B. *The Other Actions*

Prior to Torres filing his complaint, two other qui tam complaints were filed against Defendant. The first, *United States ex rel. Gatsiopoulos v. Kaplan Career Institute & Kaplan Higher Education Corp.*, was filed in the Western District of Pennsylvania on November 2, 2006, and the other, *United States ex rel. Urquilla-Diaz, et al., v. Kaplan University, Kaplan Higher Education Corp. & Kaplan, Inc.*, was filed on April 18, 2007 in the Middle District of Florida and transferred to this Court on March 23, 2009. By order of the Judicial Panel on Mutidistrict Litigation, the *Gatsiopoulos* case and the instant case were transferred to this Court and combined with the *Urquilla-Diaz* case as an MDL.

The *Gatsiopoulos* complaint alleges, among other things, that KHEC and Kaplan Career

---

[4]Section 3729(a) was rewritten by Public Law 111-21, § 4(a)(1). As a result, the acts prohibited by old § 3729(a)(7) are now prohibited by current § 3729(a)(1)(G).

Institute, ICM Campus (ICM), in Pennsylvania, which is a wholly owned subsidiary of KHEC, submitted false claims to the Government because KHEC amd ICM were not in compliance with the HEA's ban on incentive payments to admission and financial aid personnel. By prior Orders, the Court has held that the *Gatsiopoulos* action will continue on three claims: (1) violations of the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B), based on the defendants' alleged incentive compensation program; (2) violations of the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B), based on the 70 Percent Rules; and (3) Gatsiopoulos' retaliation claim.

While the *Diaz* complaint also alleged violations of the incentive compensation ban, the Court dismissed those claims for failure to meet the pleading requirements of Federal Rule of Civil Procedure 9(b). In the same order, the Court determined that the *Diaz* action would continue on three claims: (1) violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) based on non-compliance with the Rehabilitation Act; (2) violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) based on non-compliance with the Rehabilitation Act; and (3) Diaz's retaliation claim. The defendants in the *Diaz* complaint are KHEC, Kaplan University, which is a wholly owned subsidiary of KHEC, and Kaplan, Inc.

## II.     The Motion to Dismiss

KHEC moves to dismiss Relator's Third Amended Complaint on three grounds: the first-to-file rule, failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and a failure to allege a valid theory of liability under the False Claims Act. The Court has previously held that Relator's theory of recovery is a valid

5

theory under the False Claims Act and, thus, this Order will not address that argument.[5] As set out below, the Third Amended Complaint fails to state a cause of action based on KHEC's conditioning the continued employment of Directors of Admissions on the number of students recruited. Further, the first-to-file rule bars Torres' remaining claims.

### A. Relator Has Failed to State a Cause of Action Based on KHEC's Conditioning the Continued Employment of Directors of Admissions on the Number of Students Recruited

KHEC argues that Relator has failed to adequately plead that KHEC's actions violated the HEA and, thus, have not stated a claim under the False Claims Act. KHEC maintains that trips provided to high performing student recruiters do not violate the incentive compensation ban, that requiring minimum performance to retain employment does not violate the HEA, and that the completion bonus plan does not violate the HEA.

KHEC moves to dismiss Torres' claims based on KHEC's alleged policy of conditioning

---

[5]*See* DE-19 in Case No. 09-md-02057. In that Order, the Court held that the False Certification theory was a valid theory of recovery under the False Claims Act. The Court stated that there is a cause of action under the False Claims Act when an institution executes a PPA, whereby, in order to be eligible for Title IV funds, it agrees to comply with certain statutory and regulatory requirements and submits or causes to be submitted requests for funds when the institution knows it is not in compliance with the statutory and regulatory requirements. *See United States ex rel. McNutt v. Haleyville Medical Supplies*, 423 F.3d 1256, 1259 (11th Cir. 2005) (stating that "[w]hen a violator of government regulations is ineligible to participate in a government program and that violator persists in presenting claims for payment that the violator knows the government does not owe [because compliance with the regulation is required for payment], that violator is liable, under the Act, for its submission of those false claims"); *United States ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166, 1176 (9th Cir. 2006) (finding a cause of action under the False Claims Act based on the promises and representations made in the PPA and holding that executing the PPA and agreeing to comply with the statutes and regulations were "'prerequisites,' and 'the sine qua non' of federal funding, for one basic reason: if the University had not agreed to comply with them, it would not have gotten paid."); *United States ex rel. Main v. Oakland City University*, 426 F.3d 914, 917 (7th Cir. 2005) (finding a cause of action under the False Claims Act if the institution knew of the incentive pay ban, told the Department of Education it would comply with the ban, but planned to do otherwise).

6

Directors of Admissions' continued employment upon starting, or enrolling, a minimum number of students. KHEC argues that this does not violate the HEA's incentive compensation ban which only prohibits certain "bonuses, commissions, and other incentive payments." In an unpublished opinion, the Ninth Circuit has stated that the "decision to fire an employee is not covered by the [HEA] because termination is not a prohibited 'commission, bonus, or other incentive payment.'" *U.S. ex rel. Bott v. Silicon Valley College,* 262 Fed. App'x 810, 812 (9th Cir. 2008). Nothing in the language of the incentive compensation ban would appear to cover personnel decisions, such as whether to fire an employee.

In response, Relator cites to the unpublished decision in *U.S. ex rel. Irwin v. Significant Education, Inc.*, 2009 WL 322875 (D. Ariz. Feb. 10, 2009), for the proposition that conditioning continued employment on class starts violates the HEA. However, the *Irwin* court specifically referred to the *Bott* decision and then noted that personnel decisions were only a small part of the relator's claims. *Id.* at *2. Thus, the *Irwin* court, "assuming that personnel matters are not covered" by the HEA, concluded that the other allegations, such as compensation adjustments based on students enrolled, were sufficient to state a claim. *Id.* Consequently, *Irwin* does not support Relator's argument. Thus, Torres has failed to allege a violation of the HEA based on KHEC's policy of conditioning continued employment on class starts.

KHEC also argues that Torres has failed to state a claim based on KHEC's provision of trips to successful recruiters and KHEC's payment of completion bonuses. Regardless of whether Relator has adequately pled violations of the HEA based on providing trips to successful student recruiters and paying completion bonuses, claims based on both these allegations are barred by the first-to-rule, as set forth below. Because such claims are barred by the first-to-file

rule, the Court will not address whether Relator has adequately pled such claims under Rules 12(b)(6) and 9(b).

### B. Relator's Remaining Claims Are Barred By the First-to-File Rule

The first-to-file rule is the name often given to 31 U.S.C. § 3730(b)(5) which states: "When a person brings [a qui tam action], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." This provision creates a jurisdictional limit on a court's authority to hear duplicative qui tam suits. *United States ex rel. Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004). A later filed case need not be based on the exact same facts as the earlier one in order to be barred by the first-to-file rule. *Id.* at 1279. The question is whether the actions are "related."

> [S]o long as a subsequent complaint raises the same or a related claim based in significant measure on the core fact or general conduct relied upon in the first qui tam action, the § 3730(b)(5)'s first-to-file bar applies. Once an initial qui tam complaint puts the government and the defendants on notice of its essential claim, all interested parties can expect to resolve that claim in a single lawsuit. The pendency of the initial qui tam action consequently blocks other private relators from filing copycat suits that do no more than assert the same material elements of fraud, regardless of whether those later complaints are able to marshal additional factual support for the claim.

*Id.* Accord *United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 232-33 (3d Cir. 1998).

Clearly, Relator's claims are related to the claims filed in *Gatsiopoulos*. Both actions allege that KHEC submitted false claims to the Government because KHEC was not in compliance with the HEA's ban on incentive payments to admission and financial aid personnel. While the allegations in the complaints are not exactly the same, the core facts are. Both complaints allege that KHEC provided trips to high performing admissions representatives and

both specifically mention trips to Puerto Rico. Both this complaint and *Gatsiopoulos* also refer to high performing admissions representatives achieving "President Club" status and admissions representatives losing their jobs if they did not meet certain recruitment goals. While Torres does provide more details of the compensation plan and the alleged fraud than are provided in the *Gatsiopoulos* complaint, the fraud alleged in both complaints is the same – that KHEC falsely certified that it was in compliance with the incentive payment ban in order to obtain Title IV funding for which it would not otherwise be eligible.

Torres asserts that his complaint alleges completely new claims because it alleges that KHEC caused the Government to pay false claims presented to the Government by private banks for interest subsidies, special allowance payments, and default claims when a student at KHEC fails to repay his private loan. However, the fraud alleged by Torres is ultimately based on the fact that KHEC is ineligible to participate in the Title IV loan program because it does not comply with the ban on incentive compensation. *See* DE-46, ¶¶52, 57, 85. Thus, the underlying basis for the fraud is still the same as in *Gatsiopoulos*. Therefore, Torres' claim is a related claim and is barred by the first-to-file rule.

In a supplemental filing [DE-96], Torres also argues that his complaint is the only complaint that contains allegations about completion bonuses paid to Admissions Directors. Torres maintains that such claims are materially different from bonuses paid based on student starts, or enrollments. However, in the same filing Torres concedes that such "completion bonuses are a form of incentive compensation." Thus, Torres' claims based on the completion bonuses are simply another way in which KHEC violated the incentive compensation ban. Consequently, the fraud alleged is a violation of the incentive compensation ban – something

9

already alleged in *Gatsiopoulos*. Simply alleging additional facts as to how the fraud occurred does not avoid the first-to-file bar. *Grynberg*, 390 F.3d at 1280 (holding that first-to-file bar not avoided by alleging additional facts relating to how the fraud occurred that were not mentioned in the earlier filed complaint).

Torres further argues that each completion bonus gives rise to a separate and distinct recovery because the False Claims Act provides for a civil penalty for each false claim. However, Relator misconstrues what constitutes a false claim. A false claim requires a presentment to the Government for payment. *See* 31 U.S.C. § 3729(a)(1). Paying a completion bonus to an employee does not constitute a request for payment made to the Government. Thus, payment of the completion bonuses does not constitute making false claims. What made the claims KHEC presented to the Government false was that KHEC had certified to the Government that it was in compliance with the incentive compensation ban when it was not at the time the claim was presented to the Government for payment. That is what the *Gatsiopoulos* complaint alleges.

Relator's reliance on *United States ex rel. Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 2005) does not change the outcome. In *Walburn* the Sixth Circuit found that an earlier filed suit, which was legally insufficient under Federal Rule of Civil Procedure 9(b), did not bar the relator's later filed action. *Id.* at 973. However, here the earlier filed claims in *Gatsiopoulos* which are based on violations of the incentive compensation ban have not been found to be legally insufficient; in fact, the claims based on the incentive compensation ban have been found to satisfy the pleading requirements of Rule 9(b). Contrary to Relator's arguments, *United States ex rel. Cambell v. Redding Medical Center*, 421 F.3d 817 (9th Cir. 2005), does not

require a court to stay a later filed qui tam action pending the outcome of an earlier filed action. Essentially, Torres' argues that his case should not be dismissed until after discovery is completed in the earlier filed *Gatsiopoulos* case and the relators in that case have successfully avoided summary judgment by KHEC on jurisdictional grounds. However, nothing in *Campbell* supports such a procedure. Because Torres' remaining claims are related to the earlier filed *Gatsiopoulos* action, Torres' Third Amended Complaint must be dismissed pursuant to the first-to-file rule.

Accordingly, it is

ORDERED that Defendant's Motion to Dismiss Third Amended Complaint [DE-53] is GRANTED.

    a. Relator's complaint is DISMISSED with prejudice.

    b. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 22nd day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record